IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Muhammad Abdul Rahim, #407961 | ) | |
| aka Gary B. Meyers, | ) | Civil Action No.8:07-4112-HFF-BHH |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **REPORT AND RECOMMENDATION** |
| | ) | **OF MAGISTRATE JUDGE** |
| Director of SCDC | ) | |
| Jon Ozmint, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

The petitioner, a prisoner, seeks relief pursuant to Title 28, United States Code, Section 2241. This matter is before the Court on the respondent's motion for summary judgment. (Dkt. #34.)

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(c), D.S.C., this magistrate judge is authorized to review posttrial petitions for relief and submit findings and recommendations to the District Court.

The petitioner brought this habeas action on June 20, 2007, in the Southern District of Florida. The case was transferred to this Court on December 21, 2007. On May 5, 2008, the respondent moved for summary judgment. By order filed May 6, 2008, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the petitioner was advised of the summary judgment dismissal procedure and the possible consequences if he failed to adequately respond to the motion. On May 29, 2008, the petitioner filed a response to the respondent's motion.

## **FACTS**

The petitioner is a South Carolina inmate currently incarcerated at the Okeechobee Correctional Institution in Okeechobee, Florida. (Resp.'t's Mem. Supp. Summ. J. Mot. Ex. at 6.)   On December 2, 1986, the petitioner pled guilty to assault and battery with intent to kill, criminal sexual conduct ("CSC") in the first degree, and six counts of armed robbery. The petitioner was sentenced to twenty-five years for each count of armed robbery, thirty years for the CSC, and ten years for the assault all to run consecutively.  Then, on March 2, 1987, the petitioner pled guilty to these six counts of armed robbery and he was sentenced to twenty-five and fifteen years on these convictions with these sentences to run concurrently to the previous sentences.   Thus, the petitioner received an aggregate sentence of sixty-five years imprisonment without parole.[1]

In this habeas action, the petitioner acknowledges he was sentenced to sixty-five years and that he is not eligible for parole.    However, he "maintains that he is being illegally detained by the Respondent's serving a sentence that effectively has expired." The petitioner contends he is entitled to receive a 1/3 reduction of his sentence for good conduct.  (Pet'r's Mem. Opp. Summ. J. at 4, 7.)  The petitioner relies solely upon a letter dated March 16, 2000, which he received from Sharon James of the South Carolina Department of Corrections ("SCDC") stating that, as of March 16, 2000, the petitioner's

---

[1]Pursuant to S.C. Code Ann. § 24-21-640, a prisoner is not eligible for parole when serving a sentence for a second or subsequent conviction for a violent crime as defined in Section 16-1-60.  Armed robbery and CSC in the first degree are defined as violent crimes in § 16-1-10.  Thus, the petitioner's subsequent armed robbery convictions made him ineligible for parole.

2

"Projected Max-out Date" was September 2, 2004.  (Pet. Ex. A.)  The respondent contends the petitioner is not entitled to the 1/3 sentence reduction and James was mistaken in her letter.  The respondent contends the petitioner's correct release date is May 2, 2025.[2]

## <u>DISCUSSION</u>

The petitioner has filed this habeas petition pursuant to 28 U.S.C. § 2241, alleging that he is currently serving a sentence which has expired.  He contends he should have been released on September 2, 2004.

**Exhaustion**

The respondent contends the petitioner failed to exhaust his state remedies prior to bringing this habeas action.  The undersigned agrees. The law plainly requires that the petitioner exhaust his state remedies before bringing a § 2241 habeas action. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust his remedies in state court. In other words, the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas corpus petition."). *See also* 28 U.S.C. § 2254(b)(1).

The petitioner has not filed any action in South Carolina challenging the computation of his sentence.  The petitioner states he has exhausted his administrative remedies and cites to the denial of appeal of a grievance he filed in Florida.  (Pet. 3 &  Ex.

---

[2]The undersigned notes that the petitioners' max out date can be reduced through good time and earned work credits.

3

B.)  However, this grievance would not constitute a state remedy.  Further, in denying the petitioner's appeal of the denial of his grievance, the Warden of Okeechobee Correctional Institution informed the petitioner that "[a]ny questions he has regarding his sentence should be directed to the sentencing court in South Carolina."  (Pet. Ex. B.)  As the petitioner has not presented this issue in state court, he has not exhausted his state remedies.  Accordingly, this habeas petition is barred for failure to exhaust and should be dismissed. Alternatively, the undersigned recommends the petition be dismissed on the merits as discussed below.

**Merits**

As stated above, the petitioner alleges that he is currently serving a sentence which has expired.  He contends his sentence should have been reduced by 1/3 for good conduct and he should have been released on September 2, 2004.   The respondent contends that the petitioner's sentence is correctly calculated and his projected release date is not until 2025.

The record before the court contains two Offender Reclassification Reports, dated January 17, 1989, and March 31, 1989, which list the petitioner's "projected maxout" date as February 2, 2026.   (Resp't's Mem. Supp. Summ. J. Mot. Ex.  1 )  Also, in the record is a letter to the petitioner from Lynn F. Turbeville, the Branch Chief of the Interstate Corrections Compact at S.C.D.C., stated that the petitioner's projected maxout date as June 2, 2026.  (*Id.* Ex. 2.)  Additionally, the respondent has attached a "Maxout Date Calculation Sheet" dated April 4, 2006, which states that the petitioner's revised projected

4

projected maxout date is August 3, 2025.   (*Id.*)   The only evidence in the record that the petitioner's sentence was to expire in 2004, is the March 16, 2000, letter from James.  (Pet. Ex. A.)  However,  in an October 22, 2004 letter, Pernell Cromer, informed the petitioner that James' was incorrect and the correct max out date for the petitioner was May 2, 2025. (Pet. Ex. C.)  The letter also notes the error had been previously explained to the petitioner.

The Fourth Circuit's decision in *Hawkins v. Freeman*, 195 F.3d 732 (4th Cir.1999), guides this court's analysis of the petitioner's due process claim.  In *Hawkins,* the North Carolina Parole Commission erroneously granted parole to Hawkins, who was not eligible for parole. Twenty months later, the parole commission discovered its error and revoked Hawkins' parole. Hawkins sought habeas relief alleging that the revocation of his parole and his reincarceration violated his substantive due process rights. The Fourth Circuit sitting en banc held the petitioner had no fundamental liberty interest in retaining his freedom, which was granted in error, and his reimprisonment was not so outrageous as to shock the conscience.  Likewise, here, the petitioner was erroneously informed that his max out date was in 2004.  However, the petitioner's actual max out date is currently sometime in 2025.

Furthermore, the undersigned notes that while some courts have applied estoppel in somewhat similar situations, estoppel is not applicable here. *See Green v. Christiansen*, 732 F.2d 1397 (9th Cir. 1984);  *Johnson v. Williford*, 682 F.2d 868, 873 (9th Cir.1982).  For example, the court applied estoppel where the government mistakenly allowed a prisoner to be released before his term had expired, then rearrested and reincarcerated him nearly

two and one-half years later after it had discovered its mistake. *Green*, 732 F.2d 1397. However, the facts of this case are much less compelling than those in *Green*. Unlike the petitioner in *Green*, here, the petitioner has not been released and has experienced little objective change in his condition as a result of the government's error.

Even if this were the type of case in which estoppel could apply, however, the petitioner's claim would fail. A defense of equitable estoppel has four essential elements: (1) the party to be estopped must know the facts; (2) he must intend that his conduct shall be acted upon or must act so that the party asserting the estoppel has a right to believe it is so intended; (3) the party asserting the estoppel must be ignorant of the facts; and (4) that party must rely on the former's conduct to his injury. *Green*, 732 F.2d at 1399.

The petitioner has not met the third and fourth elements in this case. The petitioner has not shown any detrimental reliance on SCDC's mistake. This is not a case like *Johnson*, where the petitioner-who had been paroled by mistake-left prison , rejoined his family, started his own business, hired five employees, and received extensions of credit from local businesses. *Johnson v. Williford*, 682 F.2d at 873. The petitioner was not been released and has not relied on the mistake or changed his position to his detriment. Accordingly, he is not entitled to the application of the doctrine of estoppel.

## **CONCLUSION AND RECOMMENDATION**

Based on the foregoing, it is RECOMMENDED that the Respondent's Motion for Summary Judgment be GRANTED and the Petitioner's Petition be DISMISSED.

IT IS SO RECOMMENDED.

s/Bruce Howe Hendricks
United States Magistrate Judge

September 8, 2008
Greenville, South Carolina

**The petitioner's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
P.O. Box 10768
Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).